ANDREW C. GLASS, *pro hac vice forthcoming*
andrew.glass@klgates.com
GREGORY N. BLASE, *pro hac vice forthcoming*
gregory.blase@klgates.com
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Telephone:  (617) 261-3100

JEREMY M. McLAUGHLIN (SBN 258644)
jeremy.mclaughlin@klgates.com
JONATHAN THEONUGRAHA (SBN 306812)
jonathan.theonugraha@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone:  (415) 882-8200
Facsimile:  (415) 882-8220

Attorneys for Defendant
MDG USA INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYISHA DANZY, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>vs.<br><br>MDG USA Inc., a Delaware corporation; and DOES 1-50, inclusive,<br><br>                    Defendants. | Case No.<br><br>**NOTICE OF REMOVAL BY DEFENDANT MDG USA INC.**<br><br>(Alameda County Superior Court Case No. 22CV007409)<br><br>Complaint Filed:   February 23, 2022<br>Trial Date:          TBD |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOTICE OF REMOVAL BY DEFENDANT MDG USA INC.**

**TO THE CLERK OF THE COURT:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, defendant MDG USA Inc. ("MDG") removes to this Court the state court action described below.

## I.   PROCEDURAL HISTORY

1.    On February 23, 2022, plaintiff Tyisha Danzy commenced an action in the Superior Court of the State of California in and for the County of Alameda, entitled *Tyisha Danzy, individually and on behalf of all others similarly situated, v. MDG USA Inc., a Delaware corporation; and Does 1-50, inclusive*, as Case No. 22CV007409 ("State Court Action").

2.    Plaintiff served MDG with a copy of the summons and complaint on February 25, 2022. A true and correct copy of the summons and complaint is attached as **Exhibit A.** The summons and complaint attached as **Exhibit A** constitute all the process, pleadings, and orders served upon MDG in the State Court Action. *See* 28 U.S.C. § 1446(a).

3.    Plaintiff asserts that (a) MDG partners with Capital Community Bank ("CC Bank"), a bank chartered under the laws of the State of Utah, to issue lines of credit to MDG customers, *see* Compl. ¶ 14; (b) when consumers purchase merchandise from MDG, with lines of credit obtained from CC Bank through MDG, the annual interest rate is set at or above 35%, *id.* ¶ 3; and thus, (c) MDG is attempting to avoid the maximum interest rate allowed under California law, which plaintiff contends is 10%. *Id.* ¶¶ 13, 17.

4.    Plaintiff alleges that on or around March 17, 2018, she entered into a revolving credit agreement ("2018 Agreement") with CC Bank, pursuant to which she obtained credit to purchase electronics from MDG at an interest rate of 35.95%. *See* Compl. ¶ 17.

5.    Plaintiff purports to bring this action on behalf of herself and "[a]ll individuals in California who, within the four years preceding the filing of this Complaint, paid interest on a loan obtained from or marketed, underwritten, or serviced by MDG." Compl. ¶ 22.

6.    The complaint asserts a single cause of action for purported violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.* The complaint seeks restitution, injunctive relief, interest, attorneys' fees, and costs for plaintiff and the putative class. *See* Compl., Prayer for Relief ¶¶ 1-5.

## II.     BASIS FOR REMOVAL JURISDICTION—CLASS ACTION FAIRNESS ACT

7.     The Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), and removal of the State Court Action to this Court is proper, because (a) the action purports to be a "class action," (b) the putative class consists of at least 100 supposed class members, (c) the citizenship of at least one putative class member is different from the citizenship of one defendant, and (d) the aggregate amount in controversy exceeds the sum or value of $5,000,000, exclusive of costs and interest.  *See* 28 U.S.C. § 1332(d).

### A.     <u>Putative Class Action</u>

8.     CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).

9.     Plaintiff alleges that the State Court Action is brought on behalf of an alleged "class" pursuant to California Code of Civil Procedure Section 382, which authorizes class action suits.  *See* Compl. ¶ 22.

10.     Thus, the CAFA "class action" requirement is satisfied.

### B.     <u>Putative Class Consists of No Less than 100 Members</u>

11.     Removal under CAFA is appropriate where "the number of members of all proposed plaintiff classes in the aggregate" is not less than 100.  28 U.S.C. § 1332(d)(5).

12.     Plaintiff purports to bring this action on behalf of "[a]ll individuals in California who, within the four years preceding the filing of this Complaint, paid interest on a loan obtained from or marketed, underwritten, or serviced by MDG."  Compl. ¶ 22.  Plaintiff further alleges that "the Class comprises at least 100 individuals."  *Id.* ¶ 23.

13.     Thus, the CAFA requirement regarding the number of purported class members is satisfied.  *See* 28 U.S.C. § 1332(d)(5).

### C.     <u>Minimal Diversity of Citizenship Exists</u>

14.     Under CAFA, minimal diversity jurisdiction exists if any member of the purported class is a citizen of a state different from any defendant.  *See* 28 U.S.C. § 1332(d)(2)(A).

15.     Plaintiff alleges that she resides in Alameda County, California.  *See* Compl. ¶ 6.

16.     MDG was and is a corporation incorporated under the laws of the State of Delaware and has its principal place of business in Oakville, Ontario, Canada.   Thus, MDG is not a citizen of California.  28 U.S.C. § 1332(c)(1).

17.     Although the complaint names "doe" defendants sued under fictitious names, pursuant to 28 U.S.C. § 1441(b), the Court disregards the citizenship of defendants sued under fictitious names for purposes of assessing its jurisdiction following removal.  *See Newcombe v. Adolf Coors Co.*, 157 F3d 686, 690-91 (9th Cir. 1998).

18.     The complaint does not name any other defendants.

19.     Thus, minimal diversity exists because defendant MDG is not a citizen of California and at least one purported class member, namely, plaintiff, is a citizen of California.

**D.     Amount in Controversy Exceeds CAFA Threshold**

20.     CAFA requires that the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).  "[T]he claims of the individual class members shall be aggregated" when determining the matter in controversy.  *Id.* § 1332(d)(6).

21.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold."  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

22.     Plaintiff contends that the alleged 35.95% interest rate charged under the 2018 Agreement exceeds the purported 10% maximum rate allowed under California law.[1]  Compl. ¶ 17.

23.     Plaintiff seeks relief on behalf of herself and all individuals in California who purportedly paid interest on a line of credit from CC Bank used to purchase goods from MDG within the four years preceding the filing of the complaint.  Compl. ¶¶ 22, 32.

24.     Plaintiff seeks restitution of all interest paid in excess of 10% over the four-year putative class period.  Compl. ¶¶ 17, 22, 32.

25.     Plaintiff seeks an injunction to prevent MDG from collecting interest on the subject lines of credit at an interest rate that exceeds 10%.  Compl. ¶ 19.  The future harm that MDG would

---

[1] Plaintiff is wrong as a matter of law, but for the purposes of establishing removal jurisdiction, the Court assumes the truth of plaintiff's allegations. *See Helm v. Alderwoods Grp., Inc.*, No. C 08-01184SI, 2008 WL 2002511, at *4 (N.D. Cal. May 7, 2008)

face in complying with such an injunction must be included when calculating the amount in controversy. *See Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016); *Fritsch v. Swift Transp. Co.*, 899 F.3d 785, 793 (9th Cir. 2018);

26.    Plaintiff seeks attorneys' fees, costs, and interest.  Compl., Prayer for Relief ¶¶ 3-5. Awards of attorneys' fees and costs may be included in the amount in controversy.  *See, e.g.*, *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").  A fee award in a certified class action can often amount to as much as 25% of a class's recovery.  *See, e.g.*, *Jasso v. Money Mart Exp., Inc.,* 2012 WL 699465, at *7 (N.D. Cal. Mar. 1, 2012); *Fritsch*, 899 F.3d at 793 (fees incurred at the time of removal as well as future attorneys' fees may be included when assessing the amount in controversy).

27.    Although MDG denies all liability to plaintiff and the putative class, the complaint asserts an aggregate amount in controversy in excess of $5,000,000 because (a) the difference between the amount of interest that MDG collected in the four years preceding the filing of the complaint and the amount that it would have collected at a 10% interest rate is at least $3.8 million, and (b) if the Court were to issue the requested injunction, the amount of interest that MDG would be prevented from collecting in only the first year after the filing of the complaint would be at least $1.47 million. The sum of those two amounts alone is around $5.27 million, well in excess of the jurisdictional threshold.  When the Court adds to that amount the potential award for attorneys' fees and costs, there is no question that the amount in controversy requirement is satisfied.

## III.    BASIS FOR REMOVAL JURISDICTION—FEDERAL QUESTION

28.    The Court has original jurisdiction of this action because it involves claims that arise under federal law.  28 U.S.C. § 1331.

29.    MDG may remove the action to this Court because plaintiff's state law claims against MDG are completely preempted by federal law.  *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

30.     Plaintiff's claims are subject to federal jurisdiction because they purport to challenge the amount of interest charged by the 2018 Agreement, which expressly identifies CC Bank as the entity providing the line of credit.  *See* Compl., Exhibit 2.

31.     State-law challenges to the amount of interest charged by a state-chartered bank, such as CC Bank, arise under federal law and are completely preempted by the Federal Deposit Insurance Act.  *See* 12 U.S.C. § 1831; *accord Cross-Country Bank v. Klussman*, 74 F. App'x 796 (9th Cir. 2003). Plaintiff cannot avoid that result by directing the complaint to MDG.  *See Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1036 (9th Cir. 2014).

32.     Thus, plaintiff's claims against MDG are completely preempted, and the Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## IV.     REMOVAL PROCEDURE

### A.     **<u>Removal is Timely</u>**

33.     Removal of the action to this Court is timely pursuant to 28 U.S.C. § 1446(b) because MDG filed the notice of removal within 30 days of plaintiff serving MDG with the summons and complaint on February 25, 2022.

### B.     **<u>Venue is Proper</u>**

34.     Removal to the United States District Court for the Northern District of California is proper because the State Court Action is pending in the Superior Court of the State of California for the County of Alameda, which is located within the jurisdiction of this District.  28 U.S.C. § 1441(a); 28 U.S.C. § 84(a); Civil L.R. 3-2(d).

### C.     **<u>Divisional Assignment</u>**

35.     The State Court Action arises in Alameda County because plaintiff alleges that a substantial part of the events or omissions which give rise to her claims occurred in Alameda County. *See* Compl. ¶ 9.  Thus, the State Court Action is properly assigned either to the Oakland Division or to the San Francisco Division.  Civil L.R. 3-2(d).

### D.     **<u>Notice to Plaintiff and State Court</u>**

36.     Pursuant to 28 U.S.C. § 1446(d), MDG is filing written notice of this removal with the Superior Court of the State of California for the County of Alameda concurrently with the filing of this

notice and will serve that notice on Plaintiff.  A copy of the notice that MDG is filing in state court is attached as **Exhibit B**.

## V.    CONCLUSION

For the reasons set forth above, the action is removable to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, and MDG removes this action from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California.  Thus, MDG respectfully requests that the Court proceed with the action as if it had been filed originally herein.

**K&L GATES LLP**

Dated:  March 25, 2022               By:  */s/ Jonathan Theonugraha*
                                               ANDREW C. GLASS
                                               GREGORY N. BLASE
                                               JEREMY M. McLAUGHLIN
                                               JONATHAN THEONUGRAHA

                                               Attorneys for Defendant
                                               MDG USA INC.